UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-3495-DMG (JPRx) | Date | June 21, 2021 |
| Title | *Achraf Safieddine v. MBC FZ, LLC, et al.* | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)
None Present

Attorneys Present for Defendant(s)
None Present

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 23, 2021, Defendant MBC FZ, LLC, Al Arabiya Network FZ-LLC, and Middle East News FZ-LLC removed this action from the Los Angeles County Superior Court to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal ("NOR") [Doc. # 1]. The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)). The party seeking removal has the burden to prove that removal is proper. *Id.*

Under 28 U.S.C. section 1332(a)(2), the Court has original jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state," where the amount in controversy is also met. To demonstrate citizenship of a state, a party must "(a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A party is domiciled "in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Id.* at 749-50. (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). Tangible factors which reflect this intent include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* at 750. A person can have only one domicile at a time, which is maintained until it is replaced by a new domicile. *Id.* Domicile "is evaluated in terms of 'objective facts,'" and "statements of intent are entitled to little weight when in conflict with facts." *Id.* (quoting *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-3495-DMG (JPRx) | Date | June 21, 2021 |
|---|---|---|---|
| Title | *Achraf Safieddine v. MBC FZ, LLC, et al.* | Page | 2 of 2 |

Defendants base their removal entirely on the allegations in Plaintiff Achraf Safieddine's Complaint, in which he alleges that he is a U.S. citizen residing and practicing law in Beirut, Lebanon—though he "maintains a domicile" in California, where he "maintains relationships, both personal and business, with individuals." Compl. ¶¶ 9, 17, 21. He alleges that Defendants are each limited liability companies "duly formed under the laws of the Dubai Media City, United Arab Emirates." *Id.* at ¶¶ 10-12.

Notwithstanding the conclusory assertion that Plaintiff "maintains a domicile" in California, there is no indication that he keeps California as his permanent home where he intends to return and remain indefinitely, given that he resides and practices law in Lebanon. "Maintaining relationships" in a place does not mean one is domiciled there. Accordingly, Defendants have not established that Plaintiff is domiciled in California, or in any state of the United States.

Additionally, limited liability companies are citizens of every state or country in which their owners or members are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants are limited liability companies purportedly based in Dubai, but they have not established the citizenship of each of their owners or members.

Defendants are therefore **ordered to show cause** in writing by no later than **June 28, 2021** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.